**WO** MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald N. Jose, ) | No. CV 11-486-PHX-GMS (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Todd Thomas, et al., ) | |
| Defendants. ) | |

On March 14, 2011, Plaintiff Ronald N. Jose, who is confined in the Corrections Corporation of America's Saguaro Correctional Center in Eloy, Arizona, filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis*. In a March 17, 2011 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to allege a jurisdictional basis. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 28, 2011, Plaintiff filed his First Amended Complaint (Doc. 7). The Court will order Defendants to answer the First Amended Complaint.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

TERMPSREF

1  be granted, or that seek monetary relief from a defendant who is immune from such relief.
2  28 U.S.C. § 1915A(b)(1), (2).

3  A pleading must contain a "short and plain statement of the claim *showing* that the
4  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
5  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
6  unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
7  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements, do not suffice."  Id.

9  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10 claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,
11 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
12 that allows the court to draw the reasonable inference that the defendant is liable for the
13 misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for
14 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
15 experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual
16 allegations may be consistent with a constitutional claim, a court must assess whether there
17 are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

18 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
19 must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th
20 Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
21 than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,
22 94 (2007) (*per curiam*)).

23 **II.   First Amended Complaint**

24 In his one-count First Amended Complaint, Plaintiff sues the following Defendants:
25 Saguaro Correctional Center Warden Todd Thomas, Assistant Warden Ben Griego, and Unit
26 Manager Timothy Dobson.

27 Plaintiff alleges that Defendants are policymakers who have created the conditions
28 of confinement in the unit where Plaintiff is confined and that those conditions constitute

cruel and unusual punishment in violation of the Eighth Amendment. Specifically, Plaintiff alleges that he is subjected to 24-hour lighting in his cell; malicious and sadistic uses of force; unsafe conditions including rival gang members being housed together and violent and non-violent inmates being housed together; cold temperatures in the cells during the winter and no warm clothing; extreme idleness; noise from mentally ill inmates; only one change of clothing; and no required out-of-cell recreation time, windows, cleaning supplies, mirrors for shaving, sunblock, lip balm, lotion, dental floss, or a storage locker.

Liberally construed, Plaintiff has stated a Fourteenth Amendment conditions-of-confinement claim in Count One. The Court will require Defendant to answer the First Amended Complaint.

**III.     Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendants must answer the First Amended Complaint (Doc. 7).

(2)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 7), this Order, and both summons and request for waiver forms for Defendants Thomas, Griego, and Dobson.

(3)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(5)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(6)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

1         (a)    personally serve copies of the Summons, First Amended Complaint, and
2 this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
3 Procedure; and

4         (b)    within 10 days after personal service is effected, file the return of service
5 for Defendant, along with evidence of the attempt to secure a waiver of service of the
6 summons and of the costs subsequently incurred in effecting service upon Defendant.
7 The costs of service must be enumerated on the return of service form (USM-285) and
8 must include the costs incurred by the Marshal for photocopying additional copies of
9 the Summons, First Amended Complaint, or this Order and for preparing new process
10 receipt and return forms (USM-285), if required.  Costs of service will be taxed
11 against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules
12 of Civil Procedure, unless otherwise ordered by the Court.

13     (7)    **A Defendant who agrees to waive service of the Summons and First**
14 **Amended Complaint must return the signed waiver forms to the United States Marshal,**
15 **not the Plaintiff.**

16     (8)    Defendants must answer the First Amended Complaint or otherwise respond
17 by appropriate motion within the time provided by the applicable provisions of Rule 12(a)
18 of the Federal Rules of Civil Procedure.

19     (9)    Any answer or response must state the specific Defendant by name on whose
20 behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
21 does not identify the specific Defendant by name on whose behalf it is filed.

22 . . . .
23 . . . .
24 . . . .
25 . . . .
26 . . . .
27 . . . .
28 . . . .

(10)   This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 31st day of March, 2011.

*A. Murray Snow*
/G. Murray Snow
United States District Judge