**WO**                                                                          SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald N. Jose, | No. CV 11-0486-PHX-GMS |
| Plaintiff, | |
| vs. | **ORDER** |
| Todd Thomas, et al., | |
| Defendants. | |

Plaintiff Ronald N. Jose, a Hawaiian inmate in custody at the Saguaro Correctional Center (SCC), a Corrections Corporation of America facility in Eloy, Arizona, brought this civil rights action under 42 U.S.C. § 1983 against multiple SCC officials. Defendants—Warden Todd Thomas, Assistant Warden Ben Griego, and Unit Manager Timothy Dobson—moved for summary judgment. (Doc. 53.) The Court issued its Order on June 11, 2012, granting the motion and terminating the action. (Doc. 73.) Plaintiff now files a Motion for Reconsideration. (Doc. 75.)

The Court will deny the Motion.

## I.     Background

Plaintiff's Complaint alleged that some 15 conditions of confinement in the segregation unit where he is housed violated the Eighth Amendment. (Doc. 7.) In their Motion, Defendants asserted that Plaintiff failed to exhaust his administrative remedies as to 7 of the conditions and that as to the remaining 8, no constitutional violation had occurred.

(Doc. 53.) The Court granted the motion regarding failure to exhaust, finding that Defendants had met their burden to establish the availability of an administrative-remedy procedure and that Plaintiff failed to properly exhaust his remedies under that procedure as to the following:

> • extreme idleness: allowed to only read 1 book or newspaper per week and does not have access to programs, education or religious services provided in segregation;
> • the clothing provided in segregation is limited to only one change of clothes, a boxer and T-shirt;
> • no access to a storage locker; and
> • sun block, lip balm, lotion, and dental floss are not allowed.

(Doc. 73 at 3-4.) As to the remaining claims, the Court found insufficient evidence of constitutional violations. Plaintiff generally offered nothing but conclusory statements, or he failed to demonstrate a substantial risk of harm, or to connect Defendants to the alleged violation, or to establish that they ignored a known risk of substantial harm. (Id. at 8, 10, 11, 12, 13, 14-15, 16, 17.)

## II.     Motion for Reconsideration

### A.     Legal Standard

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Rather, reconsideration is appropriate only "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." Navajo Nation v. Confederated Tribes of Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Nor

1 may a motion for reconsideration repeat any argument previously made in support of or in
2 opposition to a motion.  <u>Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.</u>, 215 F.R.D.
3 581, 586 (D. Ariz. 2003).

### B. Plaintiff's Contentions and Analysis

In his Motion for Reconsideration, Plaintiff asserts that Segregation Activity Reports (SARS) are anonymously filled out, so the Court should not have relied on the evidence. (Doc. 75 ¶ 1.) He claims that the Court is biased against Hawaiian inmates because no one has won a single lawsuit. (<u>Id.</u> ¶ 2.) He argues that the Court demonstrated its bias when it found that Plaintiff had no evidence, when in fact he submitted affidavits, and his affidavits were based on personal knowledge. (<u>Id.</u> ¶¶ 3-5.)

The Court will deny reconsideration. As noted above, the Court found Plaintiff's evidence insufficient to survive summary judgment. Plaintiff does not provide newly discovered evidence, demonstrate that the Court committed clear error, or claim an intervening change in controlling law.  He simply disagrees with the Court's Order, but that is not sufficient for reconsideration. <u>See</u> <u>Leong</u>, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

**IT IS ORDERED that** Plaintiff's Motion for Reconsideration (Doc. 75) is **denied**.

DATED this 10th day of July, 2012.

_____
G. Murray Snow
United States District Judge